# EXHIBIT 1

Kamron A. Keele (11841)
29 South State Street, #212
Salt Lake City, UT 84111
Telephone: (801) 661-7706
kamronkeele@gmail.com

*Attorney for Plaintiff*

IN THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY

PROVO DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| BRANDON KENNEDY, an individual,<br><br>              Plaintiff,<br><br>      vs.<br><br>PROTECTION ONE ALARM MONITORING, INC., a Delaware corporation doing business in Utah, BRITE ENERGY SOLAR, INC., a Delaware corporation doing business in Utah, and JOHN DOES, individuals or entities 1 THROUGH 10, all whose names are unknown,<br><br>              Defendants. | **COMPLAINT**<br><br>Civil No. _____<br><br>Judge _____ |

     Plaintiff, Brandon Kennedy, hereby complains against the above-named Defendants as follows:

### DESCRIPTION OF THE PARTIES

1.    Plaintiff resides in Utah County, State of Utah.

2.    Defendant Protection One Alarm Monitoring, Inc., is a Delaware corporation doing business in Utah County, State of Utah ("*Protection One*").

1

3.      Protection One is in the business of marketing, selling, leasing, installing, servicing, and monitoring home and commercial electronic security systems throughout the United States.

4.      Defendant Brite Energy, Inc., is a Delaware corporation doing business in Utah County, State of Utah ("*Brite Energy*").

5.      Brite Energy is in the business of marketing, selling, and installing home solar panels and related systems.

6.      Upon information and belief, Protection One and Brite Energy (and/or their parent entities) are related and affiliated entities with Protection One (or its parent) owning some percentage, if not all, of Brite Energy (or its parent).  Upon information and belief, these entities also share, for example, the same Chief Executive Officer, certain administrative and accounting functions, various expenses, employees, even in-house counsel, among other things.

7.      John Does 1 through 10, whose names are unknown at the time of the filing of this Complaint, are, upon information and belief, individuals or entities that are alter egos, successors-in-interest, purchasers for value, or full or partial subsidiaries, parents, or affiliates of, or doing business under different names other than but controlled by, the above-named Defendants.

## STATEMENT OF JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this Complaint pursuant to UTAH CODE ANN. § 78A-5-102.

9.      Venue is proper in this Court pursuant to UTAH CODE ANN. § 78B-3-307(1)(a).

2

10.     This court possesses personal jurisdiction over the Defendants pursuant to UTAH CODE ANN. § 78B-3-205.

## BACKGROUND AND GENERAL ALLEGATIONS

11.     Prior to January 22, 2013, Plaintiff owned and operated a recruiting, management, and investment business (incorporated in Utah as BDK Consulting, Inc.) that provided commission-based, door-to-door, summer-seller programs for home and commercial security systems.

12.     On January 22, 2013, Protection One purchased all of the assets of Plaintiff's company (BDK Consulting, Inc.).

13.     On or about January 22, 2013, Plaintiff was paid at closing a large portion ($619,800) of the total purchase price ($1,032,700) for his business.

14.     As part of that asset-purchase transaction, Plaintiff and Protection One entered into and executed an Earn-Out Agreement of even date whereby Protection One agreed to pay the remaining purchase price ($412,900) for Plaintiff's business over the next three (3) years.

15.     The remainder of the purchase price was to be paid if Plaintiff provided sales and installation services for Protection One and if he (and/or others working under him) obtained for Protection One a certain minimum sales and installation of Protection One security systems during each of the three years (2013, 2014, and 2015).

16.     Plaintiff earned, and Protection One paid, his first two earn-out payments for years 2013 and 2014, and Protection One issued Plaintiff Forms 1099 (i.e., not as an employee pursuant to a Form W-2) to reflect such income.

3

17.     Specifically as for the final year, 2015, if Plaintiff (and/or his team working under him) obtained sales of 1,000 or more security systems between November 1, 2014 and December 31, 2015, Plaintiff would then pursuant to the Earn-Out Agreement be entitled to the final payment of the purchase price for his business in the form of an earn-out payment of $103,000.

18.     Plaintiff (and/or his team) obtained sales of 1,000 or more security systems between November 1, 2014 and December 31, 2015, as was required.

19.     The Earn-Out Agreement provided, however, such earn-out payments were additionally conditioned on Plaintiff being specifically an "employee" of Protection One on the date that the earn-out becomes payable, which for 2015 was December 31, 2015.

20.     Plaintiff has never been an employee of Protection One, yet he received the previous remainder payments for his business in 2013 and 2014 in the form of earn-out payments pursuant to the Earn-Out Agreement anyway.

21.     The Earn-Out Agreement further provides that the prevailing party shall be entitled to reasonable attorney's fees, costs and expenses when enforcing the terms or provisions of that agreement.

22.     Also part of that asset-purchase transaction, Plaintiff agreed not compete with Protection One's business (defined expressly as "the sale, lease, installation, monitoring and servicing of electronic security systems") for a period of three (3) years, or until January 22, 2016 and throughout the entire United States.

23.     Plaintiff also agreed as part of that transaction that, for a period of ten (10) years, or until January 22, 2023, he would not directly or indirectly solicit any "electronic security business" from any customer of Protection One.

4

24.     Plaintiff further agreed pursuant to the asset-purchase transaction that, for a period of five (5) years, or until January 22, 2018, he would not directly or indirectly solicit, or hire or attempt to hire, any employee of Protection One.

25.     Also executed on January 22, 2013, Plaintiff and Protection One entered into a Regional Manager Representative Agreement ("*RMR Agreement*") pursuant to which Plaintiff agreed to provide those certain sales and installation of security services to Protection One, specifically Plaintiff agreed to sell as an independent contractor Protection One home and commercial security systems as one of its Regional Managers.

26.     The RMR Agreement specifically and expressly provides (i) that it was not an employment contract, (ii) that Plaintiff was not to be classified as an employee of Protection One and (iii) that Plaintiff shall instead be classified as an independent contractor.

27.     Plaintiff was paid by Protection One throughout all relevant times herein pursuant to the RMR Agreement as an independent contractor and received from Protection One Forms 1099 with respect to any compensation he received pursuant to the RMR Agreement.

28.     The RMR Agreement provides a detailed compensation formula in which Plaintiff was paid a flat rate as well as certain bonuses based on and per the number of Protection One contracts in good standing that he (or others under him) were able to generate in his region.

29.     The RMR Agreement also provides that Plaintiff will perform most of such sales and installation services thereunder between May 1 and August 31 of each year, or the "Summer Seasons."

30.     The RMR Agreement provides that Plaintiff was entitled to an incentive bonus with respect to those certain Protection One contracts that Plaintiff had generated previously and

that were in good standing as of the end of February of the following year (i.e., the accounts had to be generated in the previous year(s) busy Summer Season(s) but such accounts had to stay in good standing until the following February in order for the incentive bonus to be paid).

31.     The RMR Agreement provides that any payments made to him pursuant thereto would be subject to various offsets and adjustments (e.g., expenses charged against Plaintiff and his team, advances made, etc.).

32.     The RMR Agreement additionally provides that, in order to receive such incentive bonuses, Plaintiff (i) has to have not breached the RMR Agreement, (ii) had to also have a "relationship" with Protection One on the last day of the Summer Season (ending August 31), and (iii) Plaintiff has paid to Protection One any amounts owing to Protection One (in the form of advancements, expenses charged against him or his team, etc.).

33.     By letter from Betsy Scott (Protection One VP Organizational Development) dated September 22, 2015, Protection One terminated the "relationship" between Plaintiff and Protection One without cause pursuant to Section 2.3 of the RMR Agreement, which provides that Protection One may unilaterally terminate the contract at any time with or without notice and with or without any cause whatsoever.

34.     This termination of the relationship was made after the end of the 2015 Summer Season but prior to December 31, 2015 (the date that Plaintiff purportedly had to be an "employee" of Protection One in order to obtain his final earn-out payment of $103,000 pursuant to the Earn-Out Agreement).

35.     On several occasions shortly after the termination of his relationship with Protection One, just as they had done in previous years in order to determine the previous

incentive bonuses due Plaintiff pursuant to the RMR Agreement, Plaintiff met with Nerissa

Bateman (Protection One's Operations Coordinator) for the specific purpose of (i) counting

Plaintiff's Protection One accounts in good standing, (ii) determining the specific bonus amount

due per such account in good standing (bonus amount increased the higher the number of total

accounts), and (iii) reconciling such total bonus amount due by any offsets and adjustments due

back to Protection One (for advancements, expenses, etc.).

36.    Based on Plaintiff's Protection One accounts in good standing as of August 31,

2015 (the end of the 2015 Summer Season), and backing out legitimate offsets and adjustment

for expenses Plaintiff owed Protection One, Plaintiff's incentive bonus for February 2016 was

calculated by Ms. Bateman and Plaintiff to be $246,483.15.

37.    Protection One has not paid Plaintiff either the $103,000 for his final earn-out

payment or the $246,483.15 for his February 2016 incentive bonus.

38.    By letter dated February 2, 2016 from Michelle Wickham (Protection One's

Associate General Counsel), Ms. Wickham wrote that Plaintiff is not entitled to any earn-out

payment for 2015 "since he was terminated by to the date [December 31, 2015] that the Earn-

Out payment became payable."

39.    Protection One unilaterally, and without any cause or notice, terminated the

"relationship" with Plaintiff (which again was expressly pursuant to the RMR Agreement not an

employer-employee relationship) just a few months short of the earn-out payable date of

December 31, 2015.

40.    In that same letter, Ms. Wickham further wrote that, with respect to Plaintiff's

incentive bonus for February 2016, a different reconciliation (from the one Plaintiff and Ms.

Bateman had done several months previous) of Plaintiff's advances, offsets, and other charges "shows that he was advanced more than he earned, and is therefore not entitled to any payment" whatsoever.

41.     The RMR Agreement provides a non-competition and non-solicitation provision that requires that, for three (3) years or until January 22, 2016, Plaintiff will not own, manage, operated, participate in, perform services for, be employed by, or otherwise carry on, a business similar to or competitive with Protection One's business anywhere in which Protection One (or any of its affiliates) is engaged.  The RMR Agreement does not define Protection One's business in this provision and for these purposes.

42.     The RMR Agreement provides further that the prevailing party in any action or proceeding to enforce the contract shall be entitled to reasonable attorneys' fees and costs incurred in connection therewith.

43.     In early Summer of 2014, Plaintiff was asked to assist Protection One in its new start-up venture, Brite Energy.

44.     Plaintiff was asked specifically to help recruit the sales force for Brite Energy (he was told he was to be the VP of Sales) and to assist generally in getting the business up and going.

45.     In addition to his Regional Manager position at Protection One, Plaintiff was told he would receive for these additional services $10 per KW for every Brite Energy account, which total amount as of September 30, 2015 was $36,764 (3,676.4 KW).

46.     Plaintiff was to be paid for such services for Brite Energy as a credit in his reconciliation during the calculation of his incentive bonus from Protection One.

47.     Plaintiff did not enter into an employment agreement, or any other type agreement, with Protection One or Brite Energy with respect to the provision of services for and on behalf of Brite Energy.

48.     In September 2014, Plaintiff purchased from Brite Energy 200 shares of its stock for its then purported value of $42,000.

49.     Plaintiff executed a promissory note in favor of Brite Energy at that same time in the amount of $42,000 in order to purchase the 200 shares.

50.     To date, no payments have been made by Plaintiff to Brite Energy pursuant to the note, and Plaintiff still owns the stock.

51.     On June 13, 2016, Ms. Wickham (as Associate General Counsel for Protection One) sent Plaintiff an email offering for Brite to "graciously" repurchase the shares and to forgive the $42,000.

52.     In the attached Separation and Repurchase Agreement to Ms. Wickham's email, Brite Energy declares that Plaintiff was employed by and provided services to Brite Energy since September 4, 2014, but that Plaintiff was terminated by Brite Energy without cause on September 30, 2015.

53.     Plaintiff, however, was not paid by Protection One or Brite Energy any other amount for his efforts (whether as a credit in his reconciliation for his incentive bonus from Protection One or for his Brite Energy stock or in any other form of wage or compensation from Brite Energy).

54.     From August 2014 to September 30, 2015, Plaintiff worked a total of 1,540 hours on Brite Energy matters.

9

55.     After having his "relationship" terminated by Protection One and Brite Energy in September 2015, Plaintiff began working for, and became an initial minority owner of a new startup company, Skydrop Holdings, LLC, which entity (doing business as Skydrop) is in the business of developing, selling, and installing automatic lawn sprinkler systems (which systems monitor via wifi the weather and then reduces watering accordingly).

## FIRST CAUSE OF ACTION
### (Unjust Enrichment)
### (All Defendants)

56.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 55, inclusive, of this Complaint as if fully set forth herein.

57.     Defendants received certain and valuable benefits by virtue of the sale by Plaintiff of his business to Protection One in 2013 and by virtue of Plaintiff's actions and efforts thereafter for both Protection One and Brite Energy.

58.     Defendants' retention of these benefits would be unjust under the circumstances so as to make it inequitable for them to retain without repayment to Plaintiff for the same.

59.     Plaintiff is therefore entitled to judgment against Defendants for the value of the benefits conferred upon them, which include the final purchase price payment due for Plaintiff's business of $103,000, the incentive bonus of $246,483.15, fair and adequate compensation for the hours worked for and on behalf of Brite Energy in at least the amount promised of $36,764, and, where all such payments were unjustly withheld, together with prejudgment and post-judgment interest at the highest legal rate until paid.

## SECOND CAUSE OF ACTION
### (Breach of Contract)
### (Protection One)

10

60.    Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 59, inclusive, of this Complaint as if fully set forth herein.

61.    The Earn-Out Agreement required that Plaintiff be paid the remainder of the purchase price for his business over a period of three (3) years, and another $103,000 was due December 31, 2015.

62.    Plaintiff performed all of the services required of him (obtained 1,000 or more accounts within, indeed well before the end of, the requisite time period) to be entitled to the final payment of the purchase price for his business of $103,000.

63.    The provision in the Earn-Out Agreement requiring Plaintiff to be an "employee" of Protection One on December 31, 2015 in order to be paid the 2015 earn-out provision is illusory and not enforceable as Protection One was able to, and in fact did, unilaterally terminate the contract without any cause whatsoever other than to simply avoid paying such earn-out.

64.    Further, Plaintiff had never been an employee of Protection One yet he received the previous two earn-out payments anyway.

65.    Protection One breached the material terms regarding Plaintiff's final payment of the purchase price for his business by failing to pay the $103,000 remainder when due and earned by Plaintiff.

66.    The RMR Agreement provides that Plaintiff is to be paid an incentive bonus in February 2016 for his Protection One accounts in good standing as of that date, less advances or certain offsets.

11

67.     Plaintiff performed all of the services required of him (obtaining and maintaining Protection One accounts in good standing) in order to be paid the incentive bonus pursuant to the RMR Agreement.

68.     Protection One breached material terms regarding Plaintiff's incentive bonus payment for 2015 by failing to pay $246,483.15 when due and earned by Plaintiff, which amount includes a reconciliation of all legitimate offsets and advances due Protection One.

69.     As a result of these breaches of contract, Plaintiff has been damaged in an amount to be determined at trial, but in no event less than the face amounts of the final earn-out payment of $103,000 and the incentive bonus of $246,483.15, together with attorney's fees and costs and prejudgment and post-judgment interest at the highest legal rate until paid.

**THIRD CAUSE OF ACTION**
**(Violation of the Utah Sales Representative Commission Payment Act)**
**(Protection One)**

70.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 69, inclusive, of this Complaint as if fully set forth herein.

71.     Protection One violated UTAH CODE ANN. § 34-44-101 *et seq*., by failing to pay Plaintiff his incentive bonus pursuant to the RMR Agreement.

72.     Protection One constitutes a "principal" under that statute, i.e., it engaged in selling a security system and monitoring service that established a business relationship with Plaintiff and agreed to pay Plaintiff pursuant to a commission.

73.     Plaintiff constitutes a "sales representative" under that statute, i.e., Plaintiff entered into a business relationship with a principal to solicit orders for a service to sell a product or service under which Plaintiff is compensated in whole or in part by commission.

74.     The incentive bonus due Plaintiff in the amount of $246,483.15 constitutes a "commission" under that statute, i.e., compensation by any method of compensation agreed to between a sales representative and a principal for fees for services.

75.     As a principal, Protection One failed to pay Plaintiff all of his compensation due as is required within thirty (30) days after the effective date of termination of the relationship in violation of UTAH CODE ANN. § 34-44-202.

76.     As a result of Protection One's failure to timely pay Plaintiff his incentive bonus, it is liable to Plaintiff for three (3) times the amount of the unpaid amount ($246,483.15 times 3 equals $739,449.45) and is liable to pay his reasonable attorney's fees and court costs to obtain the same.

**FOURTH CAUSE OF ACTION**
**(Violation of the Fair Labor Standards Act)**
**(All Defendants)**

77.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 76, inclusive, of this Complaint as if fully set forth herein.

78.     Defendants employed Plaintiff in 2014 and 2015 to perform certain services for and on behalf of Brite Energy.

79.     Defendants failed to pay Plaintiff at least the minimum wage ($7.25 per hour) for the 1,540 hours he worked (or a total of $11,165) in violation of the Fair Labor Standards Act ("*FLSA*"), 29 U.S. CODE § 206.

80.     Defendants also failed to pay Plaintiff overtime pay (1 ½ times) for the 275 hours of those hours worked over 40 in numerous workweeks, or a total of $996.88 in over pay due (in addition to $11,165 due in regular hourly pay, or $12,161.88 due in minimum and over wages).

81.     Defendants did not track Plaintiff's hours worked for and on behalf of Brite Energy in any given workweek during the relevant time period at issue.

82.     Any employer who fails to pay minimum wage and overtime shall be liable pursuant to the FLSA, 29 U.S. CODE § 216, to the employee for such wages plus an additional equal amount as liquidated damages, or $24,323.76 presently ($12,161.88 times 2 equals $24,323.76).

83.     The FLSA, 29 U.S. CODE § 216, also provides for the award of reasonable attorney's fees and costs to the employee for having to bring an action against the employer.

WHEREFORE, Plaintiff seeks damages against Defendants as more fully set forth in the following prayer for relief.

## PRAYER FOR RELIEF

Plaintiff prays for relief in his favor and against Defendants as follows:

1.     That, pursuant to the First Cause of Action, this Court enter judgment against Defendants in favor of Plaintiff for the unjust benefits they received in an amount to be determined at trial, but not less than $103,000 and $246,483.15 and $36,764, together with interest from the date of judgment until paid;

2.     that, pursuant to the Second Cause of Action, this Court enter judgment against Protection One in favor of Plaintiff for monetary damages of $103,000 and $246,483.15, plus reasonable attorney's fees and costs together with interest from the date of judgment until paid;

3.     that, pursuant to the Third Cause of Action, this Court enter judgment against Protection One in favor of Plaintiff for monetary damages from the failure of Protection One to

14

timely pay the incentive bonus, trebled ($739,449.45), plus reasonable attorney's fees and costs together with interest from the date of judgment until paid;

4.      that, pursuant to the Fourth Cause of Action, this Court enter judgment against Defendants in favor of Plaintiff for the unpaid hours worked and overtime pay, doubled ($24,323.76), plus reasonable attorney's fees and costs together with interest from the date of judgment until paid;

5.      for punitive damages; and

6.      for such other and further relief as the court deems just and proper.

DATED this 18th of July 2016.


By ____/S/*Kamron Keele*_____
        Kamron A. Keele
        *Attorney for Plaintiff*

15

Kamron A. Keele (11841)
29 South State Street, #212
Salt Lake City, UT 84111
Telephone: (801) 661-7706
kamronkeele@gmail.com

*Attorney for Plaintiff*

IN THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY

PROVO DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| BRANDON KENNEDY, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>PROTECTION ONE ALARM MONITORING, INC., a Delaware corporation doing business in Utah, BRITE ENERGY SOLAR, INC., a Delaware corporation doing business in Utah, and JOHN DOES, individuals or entities 1 THROUGH 10, all whose names are unknown,<br><br>        Defendants. | **PROOF OF SERVICE**<br><br>Civil No.  160401092<br><br>Judge Derek P. Pullan |

STATE OF UTAH

COUNTY OF SALT LAKE

I, Alexander Keele, being over the age eighteen years and not a party to the above-entitled action, hereby certify that I served personally the attached Summons and Complaint in the above-captioned action on the registered agent for Defendant Protection One Alarm Monitoring, Inc., CT Corporation System, on Thursday, July 21, 2016, at 2:45 o'clock p.m. at, 1108 East South Union Avenue, Midvale, Utah, 84047, a true copy thereof.

1

DATED this 21st of July 2016.

___/S/*Alexander Keele*____
Electronically signed by Kamron
Keele, Esq., with permission from
Alexander Keele

STATE OF UTAH    )
          ) ss.
COUNTY OF SALT LAKE )

   The foregoing instrument was acknowledged before me this 21st day of July 2016

by Alexander Keele.

NOTARY PUBLIC

__/S/*Shane Baldwin*_____
Shane Baldwin, Notary
Electronically signed by Kamron
Keele, Esq.
Comm. # 657711
Expiration: Aug 21, 2016

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing PROOF OF

SERVICE was served via US mail, postage prepaid, on this 22nd day of July 2016 on the

following:

        Brite Energy Solar, Inc.
        Registered Agent: Tim Whall
        1290 Sandhill Road
        Orem, UT 84058

        Protection One Alarm Monitoring, Inc.
        c/o CT Corporation System
        1108 E. South Union Ave.
        Midvale, UT 84047

                        _____/S/*Kamron Keele*_____
                        Kamron Keele, Esq.

Kamron A. Keele (11841)
29 South State Street, #212
Salt Lake City, UT 84111
Telephone: (801) 661-7706
kamronkeele@gmail.com

*Attorney for Plaintiff*

IN THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY

PROVO DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| BRANDON KENNEDY, an individual,<br><br>           Plaintiff,<br><br>      vs.<br><br>PROTECTION ONE ALARM MONITORING, INC., a Delaware corporation doing business in Utah, BRITE ENERGY SOLAR, INC., a Delaware corporation doing business in Utah, and JOHN DOES, individuals or entities 1 THROUGH 10, all whose names are unknown,<br><br>           Defendants. | **PROOF OF SERVICE**<br><br>Civil No.  160401092<br><br>Judge Derek P. Pullan |

STATE OF UTAH

COUNTY OF SALT LAKE

I, Alexander Keele, being over the age eighteen years and not a party to the above-entitled action, hereby certify that I served personally the attached Summons and Complaint in the above-captioned action on Shannon Summerhays at the registered agent's office for Brite Energy Solar, Inc., Tim Whall registered agent, on Thursday, July 21, 2016, at 3:30 o'clock p.m. at 1290 Sandhill Road, Orem, Utah 84058, a true copy thereof.

1

DATED this 21st of July 2016.

___/S/*Alexander Keele*____

Electronically signed by Kamron
Keele, Esq., with permission from
Alexander Keele

STATE OF UTAH                    )
                                 ) ss.
COUNTY OF SALT LAKE              )

The foregoing instrument was acknowledged before me this 21st day of July 2016

by Alexander Keele.

NOTARY PUBLIC

__/S/*Shane Baldwin*_____

Shane Baldwin, Notary
Electronically signed by Kamron
Keele, Esq.
Comm. # 657711
Expiration: Aug 21, 2016

2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing PROOF OF

SERVICE was served via US mail, postage prepaid, on this 22nd day of July 2016 on the

following:

       Brite Energy Solar, Inc.
       Registered Agent: Tim Whall
       1290 Sandhill Road
       Orem, UT 84058

       Protection One Alarm Monitoring, Inc.
       c/o CT Corporation System
       1108 E. South Union Ave.
       Midvale, UT 84047

                          _____/S/*Kamron Keele*_____
                          Kamron Keele, Esq.

3

Kamron A. Keele (11841)
29 South State Street, #212
Salt Lake City, UT 84111
Telephone: (801) 661-7706
kamronkeele@gmail.com

*Attorney for Plaintiff*

IN THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY

PROVO DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| BRANDON KENNEDY, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>PROTECTION ONE ALARM MONITORING, INC, a Delaware corporation doing business in Utah, BRITE ENERGY SOLAR, INC., a Delaware corporation doing business in Utah, and JOHN DOES, individuals or entities 1 THROUGH 10, all whose names are unknown,<br><br>        Defendants. | **SUMMONS**<br><br>Civil No.  160401092<br><br>Judge Derek P. Pullan |

THE STATE OF UTAH SENDS GREETING as to the above-named DEFENDANT:

> Brite Energy Solar, Inc.
> Registered Agent: Tim Whall
> 1290 Sandhill Road
> Orem, UT 84058

YOU ARE HEREBY SUMMONED and required to file an Answer in writing to the

attached Complaint with the Clerk of the above-entitled Court, at 125 North 100 West, Provo,

Utah 84601 and to serve or mail to Plaintiff, at the address above, a copy of said Answer within

TWENY (20) days after service of this Summons upon you.  If you fail to do so, Judgment by

Default will be taken against you for the relief demanded in said Complaint, which has been filed

with the Clerk of the Court and a copy of which is hereto annexed and served upon you.

DATED this 18th day of July 2016.


By ____/S/*Kamron Keele*_____

Kamron A. Keele
*Attorney for Plaintiff*

Kamron A. Keele (11841)
29 South State Street, #212
Salt Lake City, UT 84111
Telephone: (801) 661-7706
kamronkeele@gmail.com

*Attorney for Plaintiff*

### IN THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY

### PROVO DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| BRANDON KENNEDY, an individual,<br><br>       Plaintiff,<br><br>    vs.<br><br>PROTECTION ONE ALARM MONITORING, INC, a Delaware corporation doing business in Utah, BRITE ENERGY SOLAR, INC., a Delaware corporation doing business in Utah, and JOHN DOES, individuals or entities 1 THROUGH 10, all whose names are unknown,<br><br>      Defendants. | **SUMMONS**<br><br>Civil No.  160401092<br><br>Judge Derek P. Pullan |

THE STATE OF UTAH SENDS GREETING as to the above-named DEFENDANT:

      Protection One Alarm Monitoring, Inc.
      c/o CT Corporation System
      1108 E. South Union Ave.
      Midvale, UT 84047

      YOU ARE HEREBY SUMMONED and required to file an Answer in writing to the

attached Complaint with the Clerk of the above-entitled Court, at 125 North 100 West, Provo,

Utah 84601 and to serve or mail to Plaintiff, at the address above, a copy of said Answer within

TWENY (20) days after service of this Summons upon you.  If you fail to do so, Judgment by

Default will be taken against you for the relief demanded in said Complaint, which has been filed

with the Clerk of the Court and a copy of which is hereto annexed and served upon you.

DATED this 18th day of July 2016.


By _____/S/*Kamron Keele*_____
      Kamron A. Keele
      *Attorney for Plaintiff*