IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRANDON KENNEDY, an individual,<br><br>Plaintiff,<br>v.<br><br>PROTECTION ONE ALARM MONITORING, INC., a Delaware corporation doing business in Utah, BRITE ENERGY SOLAR, INC., a Delaware corporation doing business in Utah, and JOHN DOES, individual or entities 1 THROUGH 10, all whose names are unknown,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br>- **GRANTING [25] MOTION FOR LEAVE TO AMEND COMPLAINT AND**<br>- **GRANTING IN PART AND DENYING IN PART [26] MOTION TO EXTEND TIME PERIOD TO AMEND PLEADINGS**<br><br>Case No. 2:16-cv-00889-DN<br><br>District Judge David Nuffer |

Plaintiff Brandon Kennedy moves to amend his complaint.[1] Relatedly, Kennedy moves to extend the time for amending the complaint.[2] Defendants Protection One Alarm Monitoring, Inc. and Brite Energy Solar (collectively "defendants") oppose both motions.[3] Kennedy replies in support of both motions.[4]

For the reasons stated below, the Motion to Extend Time is GRANTED and the Motion to Amend is GRANTED IN PART and DENIED IN PART.

---

[1] Motion (Second) for Leave to Amend Complaint (Motion to Amend), docket no. 25, filed January 9, 2017.

[2] Motion to Extend Time Period to Amend Plaintiff's Initial Pleadings (Motion to Extend Time), docket no. 26, filed January 9, 2017.

[3] Protection One's Opposition to Plaintiff's (1) Second Motion for Leave to Amend and (2) Motion to Extend Time Period to Amend Pleadings (Opposition), docket no. 27, filed January 23, 2017.

[4] Reply Memorandum to Protection One's Opposition to Plaintiff's (1) Second Motion for Leave to Amend Complaint and (2) Motion to Extend Time Period to Amend Pleadings (Reply), docket no. 31, filed February 7, 2017.

**Table of Contents**

Background .................................................................................................................... 2
Discussion ..................................................................................................................... 3
    1.    Kennedy has demonstrated good cause to modify the schedule. ........................... 3
    2.    Kennedy may make most of the amendments he proposes. ................................. 5
        A.    There was no undue delay and the amendments do not cause undue prejudice. ........................................................................................................ 6
        B.    Some amendments are futile, but most are not. ......................................... 7
Order ........................................................................................................................... 12

## BACKGROUND

Defendants filed a motion to dismiss.[5] After that motion was fully briefed, a Docket Text Order was entered granting the motion and directing defendants' counsel to submit a proposed order to that effect.[6]

On October 19, 2016, Kennedy filed a motion to reconsider the Docket Text Order and a motion for leave to amend the complaint.[7] The deadline for Kennedy to amend the complaint was October 21, 2016.[8] The Order Granting [7] Motion to Dismiss and Denying [20] Motion for Reconsideration and Motion for Leave to Amend Complaint (Order),[9] stated:

> Kennedy . . . argue[s] that there should be equitable relief from the clear terms of the Earn-Out agreement . . . . This is sufficient challenge to preserve the portion of the claim for unjust enrichment relating to the Earn-Out Agreement. [This challenge] was not acknowledged in the earlier [ruling granting the motion to dismiss in Docket Text Order] because of its placement in the complaint: Kennedy was attacking the validity of the Earn-Out agreement in the very cause

---

[5] Motion to Dismiss, docket no. 7, filed August 29, 2016.

[6] Docket no. 18, entered October 12, 2016.

[7] Motion for Reconsideration and Motion for Leave to Amend Complaint (Motion to Reconsider), docket no. 20, filed October 19, 2016.

[8] Scheduling Order, docket no. 19, entered October 13, 2016.

[9] Docket no. 24, entered December 30, 2016.

of action seeking to enforce it. *This can easily be remedied in a future amended complaint.*[10]

Because Kennedy failed to attach the proposed amended complaint as an exhibit to his motion and failed to "give adequate notice to the district court and to the opposing party of the basis of the proposed amendment," the Order stated: "Kennedy's motion for leave to amend the complaint is denied *without prejudice*."[11]

## DISCUSSION

**1. Kennedy has demonstrated good cause to modify the schedule.**

Kennedy argues that he should be granted leave to extend the deadline for amending the complaint because it is "[i]n the interests of justice and to simply correct a procedural error made by counsel."[12]

Defendants respond that an attorney's failure to follow the rules does not amount to good cause.[13]

"[P]arties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."[14] That is, parties seeking to amend their complaint after a scheduling order deadline expires must first satisfy Federal Rule of Civil Procedure 16(b)(4), which states that a "schedule may be modified only for good cause and with the judge's consent." "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed."[15] The Advisory

---

[10] *Id.* at 5 (emphasis added).

[11] *Id.* at 7 (emphasis added).

[12] Motion for Time Extension at 3.

[13] Opposition at 1–2.

[14] *Gorsuch Ltd BC v. Wells Fargo Nat. Bank Assn.*, 771 F.3d 1230, 1241 (10th Cir. 2014).

[15] *Id.* at 1240.

Committee Notes for the 1983 Amendments to Federal Rule of Civil Procedure 16 indicate that changes to the scheduling order are considered under the lower "good cause" standard to encourage parties to expeditiously resolve litigation:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery.

In that spirit, courts have considered various factors for determining whether to grant a motion to extend deadlines. Though the primary "consideration is whether the moving party can demonstrate diligence," other factors include "whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants,"[16] and whether the non-moving party has had sufficient notice of the asserted claim before the deadline expired.[17]

Kennedy should have attached the proposed amended complaint as an exhibit to his Motion to Reconsider. Nevertheless, failure to do so does not justify denying his Motion to Extend Time. The defendants had notice of Kennedy's intention to bring the claim for promissory estoppel before the deadline for amending the pleadings expired. In the Motion to Reconsider, Kennedy stated, "If permitted to amend his Complaint, Plaintiff could add an additional claim for promissory estoppel." And the defendants will experience little if any prejudice from granting this extension. The litigation is still relatively young.[18]

---

[16] *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

[17] *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013).

[18] Complaint, docket no. 2-1, filed in state court on July 21, 2016.

Defendants cite numerous cases they claim show the deadline should not be extended.[19] The facts in each case are distinguishable.[20] The plaintiffs in those cases either waited an excessive amount of time to file their motion to amend or failed to timely amend due to strategically relying on the defendant's counterclaim that the defendant eventually dismissed. Here, Kennedy filed the original motion to amend two days before the deadline.[21] After the Order was entered denying the motion to amend,[22] Kennedy filed this motion within ten days.[23] This is not the delay or strategy experienced in the cited cases. This is a prompt effort to correct a blunder. Defendants had sufficient notice of Kennedy's intention to amend the complaint. And, defendants were on sufficient notice of Kennedy's intention to amend the complaint to include a cause of action for promissory estoppel before the deadline to amend actually expired.

**2. Kennedy may make most of the amendments he proposes.**

The defendants argue that most of the proposed amendments should be denied because they were unduly delayed,[24] they unduly prejudice defendants,[25] or they are futile.[26]

---

[19] Opposition at 1–2.

[20] *Gorsuch, Ltd.*, 771 F.3d at 1240 (waiting nearly two years after the deadline in the scheduling order to move to amend the complaint); *Zisumbo v. Ogden Regional Medical Center*, 801 F.3d 1185, 1195 (10th Cir. 2015) (waiting more than four months after the scheduling order's deadline for amending pleadings before filing the motion); *Morden v. XL Specialty Insurance Co.*, 315 F.R.D. 676, 680 (D. Utah 2016) (strategically waiting until after defendants voluntarily dismissed declaratory judgment counterclaim before seeking to amend).

[21] Motion to Reconsider, docket no. 20, filed October 19, 2016.

[22] Order, docket no. 24, entered December 30, 2016.

[23] Motion to Extend Time, docket no. 26, filed January 9, 2017.

[24] Opposition at 3–4.

[25] *Id.* at 4.

[26] *Id.* at 5–8.

Kennedy responds that there is necessarily no undue delay if the motion to extend the deadline to amend the complaint is granted;[27] that defendants will not be prejudiced because he is not rotating through theories to avoid dismissal;[28] and that the amendments are not futile.[29]

Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion for leave to amend should be denied if there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[30]

### A. There was no undue delay and the amendments do not cause undue prejudice.

Though Kennedy may have been aware of the facts underlying the claim for promissory estoppel from the beginning, "[t]he court should freely give leave when justice so requires."[31] Kennedy could have avoided most of the work involved in this case thus far if the original complaint were better crafted. But "litigation is messy."[32] Stuff happens. Or sometimes it does not.

The defendants will not be prejudiced by allowing these amendments. Most of the amendments were made simply to conform with the prior Order. And though promissory estoppel is an entirely new cause of action, as discussed more below, the defendants had notice that that the complaint would be amended to include it. Contrary to defendants' assertion,[33] it

---

[27] Reply at 6–7.

[28] *Id.* 7–8.

[29] *Id.* 8–10.

[30] *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300,

[31] Fed. R. Civ. P. 15(a)(2).

[32] *Fox v. Vice*, 563, U.S. 826, 834 (2011).

[33] Opposition at 4.

6

does not yet appear that Kennedy is "sequentially rotat[ing] through alternate claims in order to find viable ones."[34] This is essentially the first motion to amend the complaint, and Kennedy is only adding one cause of action.

### B. Some amendments are futile, but most are not.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[35]

**Three new paragraphs in the claim for unjust enrichment are futile.**

Kennedy adds several new paragraphs to the first cause of action for unjust enrichment.[36] Defendants oppose adding the following three new paragraphs:

> 45. Protection One was to pay Plaintiff the remainder of the purchase price for his business over a period of three (3) years, and a final payment of $103,000 was due December 31, 2015.
> 46. Plaintiff performed all of the services asked of him (i.e., obtained 1,000 or more accounts within, indeed well before the end of, the requisite time period) to be entitled to the final payment of $103,000 of the purchase price for his business.
> 47. The provision in the Earn-Out Agreement requiring Plaintiff to be an "employee" of Protection One on December 31, 2015 in order to be paid the 2015 earn-out payment is illusory and not enforceable as Protection One was able to, and in fact did, unilaterally terminate the contract without any cause whatsoever other than to simply avoid paying such final earn-out payment.[37]

Though defendants do "not currently dispute that Plaintiff has stated a claim for unjust enrichment related to the Earn-Out Agreement,"[38] defendants argue that including these three

---

[34] *Id.*

[35] *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013).

[36] Exhibit A (Proposed Amended Complaint) ¶¶ 44–55 , docket no. 25-1, filed January 9, 2017.

[37] *Id.*

[38] Opposition at 6.

paragraphs "inappropriately attempts to engage the Court in reformation of the Parties' express, written agreement."[39] Kennedy's reply does not address this argument.[40]

Defendants are correct. Kennedy's amended complaint cannot include these three paragraphs. Either the Earn-Out Agreement is illusory, and therefore is unenforceable, allowing him to state a claim for unjust enrichment, or it is valid, which means he recovers nothing. Kennedy cannot have it both ways.

"An illusory promise . . . is but a 'façade' that imposes no performance obligations on the promisor and affords no consideration to the promisee; the putative promise neither binds the person making it, nor functions as consideration for a return promise."[41] The plaintiff has the burden to prove that a promise is illusory.[42] If the plaintiff successfully proves that the promise is illusory, it is as if the promise never existed.[43] The plaintiff may then pursue a theory of quantum meruit such as unjust enrichment. For unjust enrichment, the plaintiff must prove "that the defendant (1) received a benefit, (2) appreciated or had knowledge of this benefit, and (3) retained the benefit under circumstances that would make it unjust for the defendant to do so."[44] If the fact finder determines that these elements are met, then the question of damages is addressed. "[W]hen assessing damages for unjust enrichment, the court begins by looking to the value of the benefit conferred . . . . Generally, the measure of recovery for an unjust enrichment

---

[39] *Id.*

[40] Reply at 8–10.

[41] *Flood v. ClearOne Communications, Inc.*, 618 F.3d 1110, 1119 (10th Cir. 2010) (internal quotation marks omitted).

[42] *Gobal Fitness Holdings, LLC v. Federal Recovery Acceptance, Inc.*, 127 F. Supp. 3d 1228, 1239 (D. Utah 2015) ("[T]he plaintiff must establish that the parties do not have a formal contract controlling their rights and obligations.").

[43] *Flood*, 618 F.3d at 1119.

[44] *Express Recovery Servs. Inc. v. Reuling*, 364 P.3d 766, 770 (Utah Ct. App. 2015) (internal quotation marks omitted).

or contract-implied-in-law claim is the value of the benefit conferred on the defendant (the defendant's gain) and not the detriment incurred by the plaintiff."[45]

Therefore, if Kennedy is successful at proving that the Earn-Out Agreement is illusory, he may then proceed under a theory of unjust enrichment. If he successfully proves the elements of unjust enrichment, one factor for determining the benefit conferred on defendants may be the terms of the contract. In other words, the terms of the contract may—but not necessarily—help in determining the valuation of the "benefit conferred on the defendant."[46]

The terms of the Earn-Out Agreement, however, cannot be used to determine if the defendants "(1) received a benefit, (2) appreciated or had knowledge of this benefit, [or] (3) retained the benefit under circumstances that would make it unjust for the defendant[s] to do so."[47] Otherwise, the court would be reforming the contract in terms more amenable to the Kennedy.[48] Including the three paragraphs quoted above in the portion of the complaint for unjust enrichment would wrap the terms of the contract into the unjust enrichment analysis. This would be error.

Therefore, Kennedy cannot amend his complaint to include the three paragraphs quoted above.

---

[45] *Id.* (internal quotation marks and citation omitted).

[46] *Id.*

[47] *Id.*

[48] *Flood*, 618 F.3d at 1119 (finding that the district court erroneously found a contract was illusory yet still enforced everything but the offending terms).

**The claim for promissory estoppel is not futile, but subject to significant caveats.**

Kennedy proposes promissory estoppel as a new cause of action.[49] The gist of this new cause of action is that defendants made promises about purchasing his business[50] and about general performance compensation[51] and that he justifiably relied on those promises to his detriment. Defendants argue that this new cause of action is futile for three reasons.[52]

First, defendants argue that a claim for promissory estoppel "necessarily fails (and is therefore futile) if the Earn-Out Agreement is a valid, enforceable contract." This is uncontroversial. Indeed, Kennedy makes no effort to resist the argument. If the Earn-Out Agreement is valid, Kennedy is, by a prior order, without further recourse.[53] "Promissory estoppel is only a viable claim where no formal contract exists and the party seeking promissory estoppel is attempting to prove the existence of an enforceable promise or agreement."[54] He would not be able to recover the final purchase-price payment.

Defendants' second and third arguments are related. Defendants argue that even if the Earn-Out Agreement is illusory, a promissory estoppel claim is futile. Defendants quote *Malasky v. Dirt Motor Sports, Inc.*[55] for the proposition that "illusory promises are not more actionable simply because they are fitted within the context of a promissory estoppel claim."[56] Put differently, Kennedy cannot speak out of both sides of his mouth. If Kennedy's only source for

---

[49] Proposed Amended Complaint ¶¶ 56–67.

[50] *Id.* ¶¶ 57–62.

[51] *Id.* ¶¶ 63–67.

[52] Opposition 7–8.

[53] The claim for unjust enrichment would be unavailable. *See supra*. And the portion of the breach of contract claim based on the Earn-Out Agreement has been dismissed. Order at 3–4.

[54] *Global Fitness Holdings*, 127 F. Supp. 3d at 1239.

[55] No. 07-cv-00046-J, 2008 WL 2095528 (D. Colo. May 16, 2008).

[56] *Id.* at *7.

the promise was what was contained in the contract, the plaintiff cannot argue that the promise is illusory—thus negating the contract—but then say that the same promise should be enforced against the defendants. Consistent with the discussion above for unjust enrichment, Kennedy would essentially be reforming the contract, i.e. eliminating the offensive term and enforcing the rest.

> Kennedy replies:
>
> The certain provision in the Earn-Out Agreement (that Plaintiff had to be working for Protection One in December 2015 in order to earn his final earn-out payment) was alleged by Plaintiff to be illusory and gratuitous, and therefore the provision and/or the contract itself may be invalid and unenforceable.
> . . . .
> Plaintiff was induced by Protection One's promises of a final earn-out payment if he obtained 1,000 new accounts for Protection One in the third and final year, and he justifiably and in good faith relied on the promise of final payment when he did, in fact, obtain those 1,000 new accounts. Without the illusory provision in the Earn-Out Agreement, or without a valid or enforceable contract at all, promissory estoppel by definition fills that void by permitting the Court, in equity, to enforce the promises made and that were justifiably relied and acted upon (and particularly, for example, when there is a problem with an underlying contract).[57]

Whatever Kennedy is arguing here, two things are clear. First, he cannot attack a single provision of a contract under the doctrine of illusory contract.[58] And second, if the "promise of final payment" upon which he allegedly relied was only made in the Earn-Out Agreement, promissory estoppel will not survive a later dispositive motion.

Therefore, Kennedy may amend his complaint to include a cause of action for promissory estoppel. But unless Kennedy successfully proves that the Earn-Out Agreement is illusory *and*

---

[57] Reply at 8–9.

[58] *See In re Cox Enterprises, Inc. Set-top Cable Television Box Antitrust Litigation*, 835 F.3d 1195, 1209 (10th Cir. 2016) ("Although Plaintiffs frame their 'illusory' argument as directed at the arbitration provision of the Internet-service agreement, general contract law does not permit such an argument on a provision-by-provision basis."); *see also Klosek v. American Express Co.*, No. 08-426 (JNE/JJG), 2008 WL 4057534, at *12 (D. Minn. Aug. 26, 2008).

*that he relied on a promise of payment other than the one proved illusory*, this cause of action will necessarily fail.

**ORDER**

IT IS HEREBY ORDERED that Kennedy's Motion to Extend Time Period to Amend Plaintiff's Initial Pleadings[59] is GRANTED.

IT IS FURTHER HEREBY ORDERED that Kennedy's Motion (Second) for Leave to Amend Complaint[60] is GRANTED IN PART AND DENIED IN PART. Kennedy can amend the complaint to include all the changes represented in the Proposed Amended Complaint[61] except those found in paragraphs 45–47, which refer to the specific terms in the Earn-Out Agreement.

Signed May 4, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[59] Docket no. 26, filed January 9, 2017.
[60] Docket no. 25, filed January 9, 2017.
[61] Docket no. 25-1, filed January 9, 2017.